# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| THE HOTEL IN MEXIA TX ONE, LLC § § § § § Plaintiff, § § v. § § BHARAT MISTRY, PRABHA § MISTRY, DHIRUBHAI PATEL, § SHAKUNTALA PATEL, § SUNDEEP PATEL, DIVYA § PATEL, KAMLESHKUMAR § PATEL, AND MAGHNABEN § PATEL, § § Defendants. § | CIVIL ACTION NO. |

## COMPLAINT

COMES NOW Plaintiff The Hotel in Mexia TX One, LLC ("HMT") and, as its complaint against Bharat Mistry, Prabha Mistry, Dhirubhai Patel, Shakuntala Patel, Sundeep Patel, Divya Patel, Kamleshkumar Patel, and Meghnaben Patel (collectively, "Defendants"), states and shows the Court as follows:

1.

HMT is a Texas limited liability company with its registered office located at 350 North St. Paul Street, Suite 2900, Dallas, Dallas County, Texas 75201.

2.

Upon information and belief, Meghnaben Patel is an individual residing and domiciled at 508 N. Martin Luther King, Jr. Highway, Mexia, Limestone County, Texas 76667, and may be served with process in this action at that address.

3.

Upon information and belief, Divya Patel is an individual residing and domiciled at 2051 Saint Anne Drive, Allen, Collin County, Texas 75013, and may be served with process in this action at that address.

4.

Upon information and belief, Prabha Mistry is an individual residing and domiciled at 3610 Darnell Drive, Paris, Lamar County, Texas 75462, and may be served with process in this action at that address.

5.

Upon information and belief, Shakuntala Patel is an individual residing and domiciled at 2616 N. Northwest Loop 323, Tyler, Smith County, Texas 75702, and may be served with process in this action at that address.

6.

Upon information and belief, Sundeep Patel is an individual residing and domiciled at 2051 Saint Anne Drive, Allen, Collin County, Texas 75013, and may be served with process in this action at that address.

7.

Upon information and belief, Kamleshkumar Patel is an individual residing and domiciled at 508 N. Martin Luther King, Jr. Highway, Mexia, Limestone County, Texas 76667, and may be served with process in this action at that address.

8.

Upon information and belief, Dhirubhai Patel is an individual residing and domiciled at 2616 N. Northwest Loop 323, Tyler, Smith County, Texas 75702, and may be served with process in this action at that address.

9.

Upon information and belief, Bharat Mistry is an individual residing and domiciled at 3610 Darnell Drive, Paris, Lamar County, Texas 75462, and may be served with process in this action at that address.

10.

This Court has, and may properly exercise, personal jurisdiction over Defendants.

11.

Venue is proper in this district, as multiple Defendants reside in this district and Defendants are residents of the State of Texas, and as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

12.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as all members of HMT are diverse from Defendants, and the amount in controversy in this case, exclusive of interest and costs, exceeds $75,000.00.

13.

In 2007, Mexia Lodging, L.P., a Texas limited partnership ("Mexia"), obtained from Sterling Bank, a Texas banking association ("Sterling"), two separate commercial loans (the "2007 Loans") evidenced by two promissory notes executed and delivered by Mexia to Sterling.

14.

The 2007 Notes executed and delivered by Mexia to Sterling consisted of a Promissory Note dated October 2, 2007, in the original principal amount of $2,906,250.00 ("Note 1"), and a Promissory Note dated October 2, 2007, in the original principal amount of $200,000.00 ("Note 2" and, collectively with Note 1, the "2007 Notes"). True and correct copies of the 2007 Notes are attached hereto as <u>Exhibit "A"</u>.

15.

On October 2, 2007, each of the Defendants executed and delivered to Sterling personal guaranties of the obligations owed to Sterling, and its successors and assigns, by Mexia pursuant to the 2007 Notes (the "2007 Guaranties"). True

and correct copies of the 2007 Guaranties are attached hereto as Exhibit "B".

16.

On September 23, 2008, Mexia obtained a third loan from Sterling (the "2008 Loan"), as evidenced by a Promissory Note executed and delivered by Mexia to Sterling dated September 23, 2008, in the original principal of $250,000 ("Note 3" and, collectively with the 2007 Notes, the "Notes"). A true and correct copy of Note 3 is attached hereto as Exhibit "C".

17.

On September 23, 2008, each of the Defendants executed and delivered to Sterling personal guaranties of the obligations owed to Sterling, and its successors and assigns, by Mexia pursuant to the Notes (the "2008 Guaranties" and, collectively with the 2007 Guaranties, the "Guaranties"). True and correct copies of the 2008 Guaranties are attached hereto as Exhibit "D".

18.

Moreover, on September 23, 2008, Mexia executed and delivered to Sterling a Cross-Default and Cross-Collateralization Agreement (the "Cross-Default Agreement") that amended the Notes to provide that an Event of Default, as defined in the Notes, under either the 2007 Loans or the 2008 Loan would be an Event of Default under the 2007 Loans and the 2008 Loan, and upon the occurrence of any such Event of Default, Sterling, and its successors and assigns, would have the right to exercise any and all rights and remedies granted to

Sterling, and its successors and assigns, under the Loan Documents, as defined in the Cross-Default Agreement. A true and correct copy of the Cross-Default Agreement is attached hereto as Exhibit "E".

19.

On or about July 28, 2011, Sterling merged with Comerica, Inc., a Texas banking association ("Comerica"), which by virtue of said merger acquired the 2007 Loans, the 2008 Loan, the Notes, the Guaranties, the Cross-Default Agreement, and all other loan documents, agreements, contracts, and security agreements related to the loans made by Sterling to Mexia (collectively, the "Loan Documents").

20.

Prior to February 15, 2013, Mexia defaulted under the Notes by failing to make the required monthly payments due thereunder. Mexia and Defendants acknowledged and agreed to the existence of such default in a Limited Forbearance Agreement (the "Forbearance Agreement") executed on or about March 27, 2013, by Mexia, Defendants and Comerica, as successor by merger to Sterling, and made effective as of February 15, 2013, in which Mexia admitted failing to make the required monthly payments as set for in each of the Notes and thus being in default under the Loan Documents, as defined in the Forbearance Agreement. A true and correct copy of the Forbearance Agreement is attached hereto as Exhibit "F".

21.

Mexia remains in default under the Notes for failing to, <u>inter alia</u>, pay the indebtedness represented by each and all of the Notes when due and payable.

22.

Defendants have defaulted under and breached each of the Guaranties by, <u>inter alia</u>, failing to make the required payments due thereunder upon the default of Mexia under the Notes.

23.

Through a Loan Sale Agreement dated and effective as of July 31, 2013 (the "Loan Sale Agreement"), Hamentbhai Patel ("Patel") purchased the Loan Documents from Comerica.

24.

Through an Assignment of Loan Sale Agreement (the "Assignment of Loan Sale Agreement"), Patel assigned all of his right, title, claim, and interest in and to, <u>inter alia</u>, the Loan Sale Agreement and the Loan Documents to HMT, which now holds and owns the Loan Documents and may enforce same. A true and correct copy of the Loan Sale Agreement is attached hereto as <u>Exhibit "G"</u>.

25.

HMT's holding and ownership of the Loan Documents, and right to enforce same, is also evidenced by allonges from Comerica Bank to HMT attached to, and

made an integral part of, each of the Notes, true and correct copies of which are attached hereto as Exhibits "A" and "C".

26.

As of July 24, 2013, Defendants are indebted to HMT, jointly and severally, pursuant to the Guaranties in the principal sum of $2,903,984, plus interest and default interest that has accrued and continues to accrue, the latter of which at eighteen percent *per annum*, as well as attorneys' fees and collection costs.

## COUNT ONE
### (Breach of Guaranties – Against Defendants)

27.

HMT incorporates by reference, as if stated in full herein, all of the factual allegations contained in the preceding paragraphs.

28.

HMT, and its predecessors, fully performed their respective contractual obligations and any and all other obligations precedent to suing on, and recovering any amounts due and owing pursuant to, the Guaranties.

29.

Defendants have failed to perform their contractual obligations under the Guaranties by failing to, inter alia, make the required payments due thereunder upon the default of Mexia under the Notes.

30.

Defendants' failures to perform their contractual obligations, as set forth above and in the Guaranties, constitutes breach of contract.

31.

Defendants are therefore indebted to HMT in an amount not less than the total balance of the indebtedness owed pursuant to the Guaranties, including, without limitation, unpaid principal, accrued interest and late charges pursuant to the Guaranties, as set forth in Paragraph 25, above.

32.

In the Guaranties, Defendants each agreed to pay, as part of the "Guaranteed Indebtedness," "all costs and expenses incurred by [Sterling, and its successors and assigns,] in connection with the collection and administration of all or any part of the indebtedness and obligations described in (i), (ii) and (iii) [of Paragraph 1(d) of the Guaranties] or the protection or preservation of, or realization upon, the collateral securing all or any part of such indebtedness and obligations, including without limitation all reasonable attorneys' fees."

33.

In the Guaranties, Defendants further each agreed to "pay on demand by [Sterling, or its successors and assigns,] all costs and expenses, including without limitation all reasonable attorneys' fees, incurred by [Sterling or its successors and

assigns] in connection with the preparation, administration, enforcement and/or collection of th[e Guaranties, or any one of them].

34.

In connection with enforcement of the Guaranties, HMT has paid and incurred, is paying and incurring, and will continue to pay and incur attorneys' fees and other expenses. HMT is contractually entitled to recover from Defendants any and all reasonable attorneys' fees and expenses incurred, or that may or will be incurred, in connection with enforcement of the Guaranties.

35.

Any and all conditions precedent have been performed, have occurred, or have been waived.

WHEREFORE, Plaintiff The Hotel in Mexia TX One, LLC prays that this Court enter judgment in its favor against Defendants Bharat Mistry, Prabha Mistry, Dhirubhai Patel, Shakuntala Patel, Sundeep Patel, Divya Patel, Kamleshkumar Patel, and Meghnaben Patel, jointly and severally, in the sum of no less than $2,903,984, plus all accrued pre-judgment interest as of the date of judgment, plus attorneys' fees and collection costs and post-judgment interest as allowed by law.

*[Signature of Counsel on Following Page]*

This the ___ day of December, 2013.

                */s/    Jennifer Evans Morris*
                JENNIFER EVANS MORRIS
                 Texas State Bar No. 24013198
                Carrington Coleman Sloman & Blumenthal LLP
                901 Main Street, Suite 5500
                Dallas, Texas 75202-3767
                Telephone:   (214) 855-3044
                Facsimile:    (214) 758-3744
                E-mail:       *jmorris@ccsb.com*

***Local Counsel for Plaintiff,***
***The Hotel in Mexia Tx One, LLC***

John Christy
  Georgia State Bar No. 125518
Andrew Lavoie
  Georgia State Bar No. 108814
Schreeder, Wheeler & Flint, LLP
1100 Peachtree N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:   (404) 954-9840
Facsimile:    (404) 681-1046
E-mail:       *jchristy@SWFLLP.com*
              *alavoi@SWFLLP.com*